**JENNER & BLOCK LLP**
Kenneth K. Lee (Cal. Bar No. 264296)
klee@jenner.com
Benjamin J. Brysacz (Cal. Bar. No. 297886)
bbrysacz@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071
Telephone:   (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (applying *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:   (312) 222-9350
Facsimile:    (312) 527-0484

Attorneys for Defendants
Kellogg Company, Kellogg Sales Company,
Pringles LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public, <br><br> Plaintiffs, <br><br> v. <br><br> KELLOGG COMPANY, a Delaware corporation; KELLOGG SALES COMPANY, a Delaware corporation; and PRINGLES LLC, a Delaware limited liability company. <br><br> Defendants. | Case No.  **'17 CV1354 AJB  BLM** <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> [San Diego County Superior Court Case No.  37-2017-00017301-CU-BC-CTL] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Kellogg Company, Kellogg Sales Company, and Pringles LLC (collectively, "Kellogg" or "Defendants") effect the removal of this action from the Superior Court of the State of California for the County of San Diego ("San Diego County Superior Court") to the United States District Court for the Southern District of California.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.  Venue is proper in this Court because Plaintiffs filed their complaint in San Diego County Superior Court.  *See* 28 U.S.C. § 84(d) (providing that San Diego County is part of the Southern District of California); 28 U.S.C. § 1391 (describing where venue is proper).

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.     Plaintiffs filed this lawsuit in San Diego County Superior Court on May 11, 2017.  Kellogg accepted service on June 6, 2017.  *See* Ex. A (State Court Complaint and Summons); Ex. B (acceptance of service).  No other documents have been filed.

2.     Plaintiffs allege the packaging of Kellogg's "Pringles Salt and Vinegar Flavored Potato Crisps" falsely represents that the product is "flavored only with natural ingredients, when in fact it contains undisclosed artificial flavors in violation of state and federal law" and that it gives consumers the "impression they are buying a premium 'all natural' product."  *See* Ex. A, ¶¶ 9, 10.

3.     Plaintiffs allege six causes of action for violations of California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as for breach of express and implied warranties, against Kellogg Company, Kellogg Sales Company, and Pringles LLC.  *See* Ex. A, ¶¶ 98-179.

4. Plaintiffs seek compensatory damages, punitive damages, disgorgement, restitution, injunctive relief, and attorneys' fees on behalf of themselves, the class of persons who purchased Pringles Salt and Vinegar Flavored Potato Crisps in California at any time during the period six years prior to the filing of the complaint, and the general public. *See* Ex. A, ¶ 144, 153, 179; Prayer for Relief.

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

5. CAFA provides that federal courts have original jurisdiction over class actions in which (i) any plaintiff is diverse from any defendant, (ii) there are at least 100 members in the putative class, and (iii) the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). Under 28 U.S.C. § 1441(a), any such action may be removed to the district court for the district and division embracing the place where the action is pending.

### The Parties Are Sufficiently Numerous To Satisfy CAFA

6. Plaintiffs bring this action on behalf of "[a]ll consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified (hereinafter the 'Class Period')." Ex. A, ¶ 80.

7. Plaintiffs allege that "[t]he Class numbers, at a minimum, in the tens of thousands." Ex. A, ¶ 87. This satisfies CAFA's numerosity requirement.

### The Parties Are Minimally Diverse

8. CAFA's minimal diversity standard is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015) ("[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices.").

9. Plaintiffs are citizens and residents of California. *See* Ex. A, ¶ 13.

10. Kellogg Company, Kellogg Sales Company, and Pringles LLC are each

incorporated in Delaware and maintain their corporate headquarters in Battle Creek, Michigan. *See* Ex. A, ¶ 14-16; *see also* Kellogg Company Form 10-K Annual Report for 2016, available at https://www.sec.gov/Archives/edgar/data/55067/000162828017001510/k-2016q410xk.htm. Accordingly, Defendants are citizens of Delaware and Michigan. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (providing that a corporation's principal place of business is the place where "a corporation's officers direct, control, and coordinate the corporation's activities," which is typically "the place where the corporation maintains its headquarters").

11.     The minimal diversity requirement is satisfied here because named Plaintiffs are not citizens of Delaware or Michigan. *See Aguilar v. Courtyard Mgmt. Corp.*, No. 13-07181, 2014 WL 12597037, at *2 (C.D. Cal. Jan. 13, 2014) (CAFA minimal diversity requirement satisfied where named plaintiff was "a citizen of California—a different state than at least one defendant.").

### There Is at Least $5,000,000 in Controversy

12.     "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). It must then "add[] up the value of the claim of each person who falls within the definition of [the] proposed class." *Std. Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). In other words, "[t]he ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

13.     "A defendant seeking removal of a putative class action must demonstrate, by

a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The preponderance of the evidence standard is satisfied where "the potential damages could exceed the jurisdictional amount." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (*quoting Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010)).

14. From 2013 through May 2017, gross sales of Pringles Salt and Vinegar Potato Crisps to retailers and distributors totaled approximately $108,400,000 nationwide. In their Complaint, Plaintiffs assert that the relevant class period begins six years prior to the filing of their complaint. Ex. A, ¶ 80. At this time, however, Defendants lack access to gross sales data for Pringles Salt & Vinegar Potato Crisps prior to 2013. Ex. C, Decl. of Joseph T. Kramer, Sr. ¶ 3.

15. Defendants are not able to track sales by state because, among other things, they sell to distributors and retailers, who may sell the product in various states. Based on population data from July 2016 population estimates from the U.S. Census Bureau, Defendants estimate that approximately $13,170,600 (or approximately 12.15%) of its national gross sales from 2013 through May 2017 were sold in California. *See* Ex. C, Decl. of Joseph T. Kramer, Sr. ¶¶ 4-6.

16. Plaintiffs seek "disgorgement and restitution of all monies from the sale of the Product which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition." *See, e.g.*, Ex. A, ¶¶ 153, 179, Prayer for Relief. Because Plaintiffs assert that the class period begins in 2011, this demand places into controversy more than $13,170,600 (as noted above, Defendants do not have sales data prior to 2013, but the estimated gross sales of Pringles Salt and Vinegar Potato Crisps from 2013 to May 2017 to retailers and

distributors who sold the products in California was approximately $13,170,600).[1]

17.  Plaintiffs also seek punitive damages, which are included in calculating the amount in controversy. Ex. A, ¶¶ 12, Prayer for Relief; *Bell-Sparrow v. Wiltz*, No. 12-2782, 2014 WL 2927354, at *4-5 (N.D. Cal. June 27, 2014) (including punitive damages award with 5.5 multiplier in amount-in-controversy in light of plaintiff's request for punitive damages in connection with claim for intentional misrepresentation); *Lee v. Equifax Info. Servs., LLC*, No. 13-4302, 2013 WL 6627755, at *4 (N.D. Cal. Dec. 16, 2013); *Hurd v. Am. Income Life Ins.*, No. 13-5205, 2013 WL 5575073, at *6-7 (C.D. Cal. Oct. 10, 2013); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002). As recognized in *Hurd*, punitive damages awards "can be substantial." 2013 WL 5575073, at *6-7. Even "applying the 'conservative' estimate of a 1:1 ratio between compensatory damages and punitive damages" adds more than $13,170,600 to the amount in controversy. *Tompkins v. Basic Research LL*, No. 08-244, 2008 WL 1808316, at *4 (E.D. Cal. Apr. 22, 2008) (including potential punitive damages in analyzing amount in controversy).

18.  Plaintiffs also seek attorneys' fees. *See, e.g.*, Ex. A, ¶¶ 12, 142, 153, Prayer

---

[1] Defendants believe that California law precludes Plaintiffs from seeking disgorgement and restitution of all revenue received by Defendants from the sale of Pringles Salt and Vinegar Potato Crisps because Plaintiffs derived significant value from the product and restitution would therefore amount to an unjustified windfall. *See Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (explaining that damages in false advertising case were limited to "the difference between the prices customers paid and the value of the [product] they bought—in other words, the 'price premium' attributable to [the challenged] labels."). For the purposes of removal, however, the "inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn*, 536 F. Supp. 2d at 1205; *see also Deutsche Bank Nat. Trust v. Heredia*, No. 12-04405, 2012 WL 4714539, at *2 (N.D. Cal. Sept. 14, 2012), report and recommendation adopted, No. 2012 WL 4747157 (N.D. Cal. Oct. 3, 2012) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses[.]") (internal quotations omitted); *Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (noting that statute of limitations defense that could bar portion of relief sought did not affect amount in controversy). Accordingly, the full amount of Defendants' gross sales revenue during Plaintiffs' proposed class period is properly included in the amount-in-controversy calculation. *See also Waller v. Hewlett-Packard Co.*, No. 11-454, 2011 WL 8601207, at *2 n.3 (S.D. Cal. May 10, 2011) (calculating amount in controversy based on the full purchase price even though plaintiff argued it would be "unrealistic" to expect the putative class members to receive a "100% reimbursement," since the inquiry is based on "the relief a plaintiff seeks, not what the plaintiff may reasonably or ultimately obtain").

DEFENDANTS' NOTICE OF REMOVAL

for Relief.  Attorneys' fees are properly considered as part of the amount in controversy for the purposes of determining federal jurisdiction.  *Bayol*, 2015 WL 4931756, at *7 ("The amount in controversy can include…attorneys' fees[.]"); *see also Mejia v. Prologix Distribution Servs. (W.), LLC*, No. 12-4840, 2012 WL 5522309, at *2 (N.D. Cal. Nov. 14, 2012) (explaining that "attorneys' fees are included in the calculation" of CAFA's amount in controversy requirement); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  Fee requests in consumer class actions, such as this lawsuit, are typically significant.  *See, e.g.*, *Wilson v. Airborne, Inc.*, No. 07-770, 2008 WL 3854963, at *12 (C.D. Cal. Aug. 13, 2008) (awarding $3,459,946 in attorneys' fees in deceptive advertising class action); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 46 (2008) (awarding attorneys' fees of $2.04 million as part of the settlement of consumer class action); *In re Sony SXRD Rear Projection Television Class Action Litig.*, No. 06-5173, 2008 WL 1956267, at *16 (S.D.N.Y. May 1, 2008) (class counsel incurred $1,279,405 in breach-of-warranty class action).

19.     When aggregated, the actual damages, restitution and disgorgement, punitive damages demanded by Plaintiffs, and the amount of attorneys' fees that class counsel may recover exceed CAFA's $5 million threshold.

## REMOVAL IS TIMELY

20.     Under 28 U.S.C. § 1446(b), notice of removal of a civil action must be filed within thirty (30) days of the defendant's receipt of service of the summons and the Complaint.  Kellogg Company accepted service on June 6, 2017.  *See* Ex. A.  This Notice of Removal is accordingly timely.

## OTHER REQUIREMENTS FOR REMOVAL ARE MET

21.     Kellogg has not had any attorneys enter an appearance, file any responsive pleadings, or file any papers responding to the Complaint in the state court.

22.     Kellogg will promptly give written notice of the filing of this Notice of Removal to all parties, and a copy of this Notice will be filed with the Clerk of San Diego

County Superior Court as required by 28 U.S.C. § 1446(d).

## **CONCLUSION**

WHEREFORE, Notice is given that this action is removed from San Diego County Superior Court to the United States District Court for the Southern District of California.

Dated:  July 5, 2017

JENNER & BLOCK LLP

/s/ Kenneth K. Lee
Kenneth K. Lee

Attorneys for Defendants
Kellogg Company, Kellogg Sales
Company, Pringles LLC

DEFENDANTS' NOTICE OF REMOVAL