# Exhibit A

**THE ELLIOT LAW FIRM**
DAVID ELLIOT (270381)
*davidelliot@elliotlawfirm.com*
3200 Fourth Avenue, Suite 207
San Diego, CA 92103
Telephone:  (619) 468-4865

**LAW OFFICES OF**
**RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
WILLIAM B. RICHARDS, JR. (298552)
*bill@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

*Attorneys for Plaintiffs and the Putative Class*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/11/2017** at 03:13:37 PM

Clerk of the Superior Court
By Laura Melles, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>KELLOGG COMPANY, a Delaware corporation; KELLOGG SALES COMPANY, a Delaware corporation; and PRINGLES LLC, a Delaware limited liability company;<br><br>        Defendants. | Case No: 37-2017-00017301-CU-BC-CTL<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  **CONSUMERS LEGAL REMEDIES ACT,** **CAL. CIV. CODE §§ 1750,** *et seq.*;<br>2.  **UNFAIR COMPETITION LAW,** **CAL. BUS. & PROF. CODE §§ 17200,** *et seq.* (*unlawful prong*);<br>3.  **UNFAIR COMPETITION LAW,** **CAL. BUS. & PROF. CODE §§ 17200,** *et seq.* (*unfair prong*);<br>4.  **FALSE ADVERTISING LAW,** **CAL. BUS. & PROF. CODE §§ 17500,** *et seq.*;<br>5.  **BREACH OF EXPRESS WARRANTIES;**<br>6.  **BREACH OF IMPLIED WARRANTIES**<br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

1

## **TABLE OF CONTENTS**

I.    JURISDICTION AND VENUE ................................................................ 1

II.   NATURE OF THE ACTION .................................................................. 2

III.  PARTIES .......................................................................................... 3

IV.   FACTUAL ALLEGATIONS ................................................................... 3

      Defendants Fail to Disclose That Their Product Is Artificially Flavored ................ 3

      Defendants' Competitors Label Their Products Lawfully ......................................... 9

      Plaintiffs' Purchases of the Product .................................................................... 10

V.    TOLLING OF THE STATUTE OF LIMITATIONS ............................................ 11

      Delayed Discovery ......................................................................................... 11

      Fraudulent Concealment ................................................................................. 12

      Continuing Violation ....................................................................................... 12

VI.   CLASS ACTION ALLEGATIONS ............................................................ 12

VII.  CAUSES OF ACTION ....................................................................... 16

      First Cause of Action ..................................................................................... 16

            Violation of California's Consumers Legal Remedies Act ("CLRA") ......... 16

      Second Cause of Action .................................................................................. 18

            Violation of California's Unfair Competition Law ("UCL") ..................... 18

      Third Cause of Action ..................................................................................... 19

            Violation of California's Unfair Competition Law ("UCL") ..................... 19

      Fourth Cause of Action ................................................................................... 21

            Violation of California's False Advertising Law ("FAL") ........................ 21

      Fifth Cause of Action ...................................................................................... 23

            Breach of Express Warranty ......................................................................... 23

      Sixth Cause of Action ..................................................................................... 24

            Breach of Implied Warranties ....................................................................... 24

VIII. PRAYER FOR RELIEF ...................................................................... 26

IX.   JURY DEMAND ............................................................................. 27

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

CLASS ACTION COMPLAINT

1    Plaintiffs Barry Allred and Mandy C. Allred, a married couple (collectively,
2  "Plaintiffs"), on behalf of themselves, all others similarly situated, and the general
3  California public, by and through their undersigned counsel, hereby allege against
4  Defendants Kellogg Company, Kellogg Sales Company, and Pringles LLC (collectively,
5  "Defendants"), the following upon their own personal knowledge, or where there is no
6  personal knowledge, upon information and belief and investigation of counsel:

## I.   JURISDICTION AND VENUE

8    1.    Plaintiffs bring this action pursuant to Cal. Civ. Proc. Code § 382 and Cal.
9  Civ. Code § 1781.

10    2.    Pursuant to Cal. Civ. Proc. Code § 410.10 and Article VI, § 10 of the
11  California Constitution, this Court has subject matter jurisdiction over this action. The
12  amount in controversy, exclusive of interest, costs, and attorneys' fees, exceeds the
13  minimum jurisdictional amount for this Court.

14    3.    This Court has personal jurisdiction over Defendants because all Defendants
15  have affirmatively established and maintained sufficient contacts with the State of
16  California; and because all Defendants conduct significant business in California and
17  otherwise intentionally avail themselves of the markets in California. Further, Defendant
18  Kellogg Sales Company, a wholly-owned subsidiary of Defendant Kellogg Company, is
19  registered to do business in California. Defendants and other out of state participants can
20  be brought before this Court pursuant to California's "long-arm" jurisdictional statute,
21  Cal. Civ. Proc. Code § 410.10, as a result of Defendants' substantial, continuous, and
22  systematic contacts with this State, and because Defendants have purposely and
23  sufficiently availed themselves, and continue to avail themselves, of the benefits, laws,
24  privileges, and markets of California through, *inter alia*, the promotion, sales, and
25  marketing of their products in this State so as to render the exercise of jurisdiction by this
26  Court reasonable and proper.

27    4.    Venue is proper in this County pursuant to California Civil Code Section
28  1780(c) because Defendants conduct significant business here, engage in substantial

1

1    transactions in this County, and because many of the transactions and material acts

2    complained of herein occurred in this County—including, specifically, the transactions

3    between Plaintiffs and Defendants, and many of the transactions between Defendants and

4    the putative Class.

## II.   NATURE OF THE ACTION

6        5.     This is a California consumer class action for violations of California

7    consumer protection laws.

8        6.     Defendants manufacture, distribute, advertise, market, and sell a variety of

9    flavored and unflavored snack products that Defendants describe as "potato crisps."[1]

10       7.     Defendants label and advertise one such snack product as "Salt and Vinegar

11   Flavored Potato Crisps" (the "Product").

12       8.     The Product's packaging, labeling, and advertising is false and misleading,

13   and the Product itself is misbranded under California law. It is illegal to sell misbranded

14   products in California.

15       9.     The Product is labeled as if it is flavored only with natural ingredients, when

16   in fact it contains undisclosed artificial flavors in violation of state and federal law.

17       10.    Defendants' packaging, labeling, and advertising scheme is intended to, and

18   does, give reasonable consumers the impression they are buying a premium "all natural"

19   product with natural flavoring ingredients, instead of an artificially flavored product.

20       11.    Plaintiffs, who were deceived by Defendants' unlawful conduct and

21   purchased the Product in California, bring this action on behalf of themselves and a

22   California Class of consumers to remedy Defendants' unlawful and unfair acts.

23       12.    On behalf of the putative Class, as defined herein, Plaintiffs seek an order

24   compelling Defendants to, *inter alia*: (1) cease packaging, distributing, advertising, and

25   selling the Product in violation of U.S. FDA regulations and California consumer

26

27   _____

28   [1] After previous litigation by competitors, Defendants are not legally permitted to call the
     Product a "potato chip."

CLASS ACTION COMPLAINT

1  protection law; (2) re-label or recall all existing deceptively packaged Product; (3) conduct
2  a corrective advertising campaign to inform California consumers about the deceptive
3  advertising; (4) award Plaintiffs and other Class Members restitution, actual damages, and
4  punitive damages; and (5) pay all costs of suit, expenses, interest, and attorneys' fees.

5  ### III.   PARTIES

6      13.   Plaintiffs Barry Allred and Mandy C. Allred are citizens and residents of San
7  Diego County, California, and purchased the Product in San Diego, California for personal
8  and household consumption.

9      14.   Defendant Kellogg Company is a Delaware corporation with its principal
10  place of business at One Kellogg Square, Battle Creek, Michigan.

11      15.   Defendant Kellogg Sales Company is a Delaware corporation with its
12  principal place of business at One Kellogg Square, Battle Creek, Michigan, and is
13  registered with the California Secretary of State to do business in California (Cal. Entity
14  No.: C2667557). Upon information and belief, Kellogg Sales Company is a wholly-owned
15  subsidiary of Defendant Kellogg Company, registered to do business in California to
16  collect revenue on California sales for Kellogg brands, including the Product.

17      16.   Defendant Pringles LLC is a Delaware limited liability company with its
18  principal place of business at One Kellogg Square, Battle Creek, Michigan. The Product
19  packaging identifies Pringles LLC as primarily responsible for labeling and distributing
20  the Product in commerce in the United States.

21      17.   The official Kellogg Company website and other sources, including SEC
22  filings, identify the Pringles brand including the Product as owned by and belonging to
23  Kellogg's, rendering Kellogg's at a minimum the apparent or actual manufacturer.

24  ### IV.   FACTUAL ALLEGATIONS

25  **Defendants Fail to Disclose That Their Product Is Artificially Flavored**

26      18.   The Product's front-label center panel identifies it as "Pringles® Salt and
27  Vinegar Flavored" on a stylized representation of a blackboard resembling a neighborhood
28  restaurant or street-corner deli menu. At the bottom of the front-of-package label appears

3

1  the words, "Potato Crisps." The package's front label does not state whether the Product
2  is naturally or artificially flavored. Neither does the Product's rear label. The Product's
3  ingredient list, however, shows that ingredients include "sodium diacetate, dextrose, malic
4  acid, [and] vinegar. . ."  A true and correct copy of the Product's front and back labeling
5  is provided below:

 

25  19.    The Product does, in fact, contain actual vinegar - but in an amount too small
26  to flavor the Product.
27  20.    Defendants instead add two artificial flavorings—sodium diacetate and malic
28  acid—to simulate and reinforce the Product's characteristic vinegar flavor.

21. The Product's label violates California law in at least three different regards.

22. First, because the Product contains additional flavoring ingredients that overwhelm the flavor of the small amount of actual vinegar in the seasoning, the front label is required by law to disclose those additional flavors rather than misleadingly claim that the Product is "Vinegar" flavored. *See* Cal. Health & Safety Code §§ 109875, *et seq.*, (Sherman Law), incorporating 21 CFR 101.22.[2]

23. Second, the Product ingredient list violates federal and state law because it misleadingly identifies the malic acid flavoring ingredient only as a generic "malic acid" instead of using the specific, non-generic name of the ingredient. *See* 21 CFR 101.4(a)(1).

24. Third, and far more deceptive to consumers, is that the Product's label completely and unlawfully fails to disclose that the Product contains two artificial flavors.

25. The Product's ingredient list identifies two flavoring ingredients as sodium diacetate and "malic acid."

26. The compound sodium diacetate, as a crystalline salt of acetic acid, may occur in nature, but the sodium diacetate in Defendants' Product is a synthetic industrial chemical manufactured in a chemical refinery from carbon monoxide and industrial methanol using a metal-catalyzed carbonylation process.

27. California's Sherman Law, as it incorporates and identically mirrors the U.S. FDA regulations promulgated pursuant to the U.S. Food, Drug, and Cosmetic Act ("FDCA"), defines natural flavorings as only those derived from "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." *See* Cal. Health & Safety Code §§ 109875, *et seq.* (21 CFR 101.22 (a)).

---

[2] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Safety Code §§ 109875, *et seq.*, incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate an FDCA regulation necessarily therefore violates California's Sherman Law. *Id.* at § 110100. Regulatory citations in the text are to California's Sherman Law and reference the corresponding federal regulation for convenience.

5

28.     Any flavoring material that does not meet the definition of a natural flavor is an artificial flavor. *Id.*

29.     Neither the methanol nor the carbon monoxide used to manufacture the sodium diacetate flavoring ingredient is "a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof." *See id.*[3]

30.     The sodium diacetate is therefore an artificial flavor under California law.

31.     The ingredient identified on the Product label as "malic acid" is similarly an artificial flavor under California law.

32.     There is a compound found in nature that is sometimes referred to informally as malic acid.

33.     That, however, is not the compound that Defendants put in the Product.

34.     The natural form of malic acid is correctly and specifically identified as "l-malic acid." L-malic acid occurs naturally in various types of fruits and vegetables.

35.     Defendants, however, instead flavor the Product with an industrial chemical called d-l-malic acid,[4] in the form of a racemic mixture of d- and l-isomers. This kind of 'malic acid' is not naturally-occurring; it is manufactured in petrochemical plants from benzene or butane—components of gasoline and lighter fluid, respectively—through a series of chemical reactions, some of which involve highly toxic chemical precursors and byproducts.

36.     Currently, under the Generally Recognized as Safe ("GRAS") regulations, either type of malic acid can be used as a flavoring agent in food products. Both provide a tart or sour "fruity" flavor. According to The Chemical Company, an industrial malic acid supplier, d-l-malic acid is added to food products to deliver a "persistent sour" flavor.[5]

---

[3] Until the 1920s, methanol was produced by the fermentation of wood; it is currently produced from synthesis gases in chemical refineries.
[4] D-malic acid is also called (R)-(+)-2-Hydroxysuccinic acid or d-hydroxybutanedioic acid.
[5] https://thechemco.com/chemical/malic-acid/ (last visited April 12, 2017).

CLASS ACTION COMPLAINT

37.     Although the malic acid that is placed in the Product to simulate the sour flavor of vinegar is the d-l-malic acid—the artificial petrochemical—Defendants pretend otherwise, conflating the natural and artificial flavorings, misbranding the Product, and deceiving consumers.

38.     Because the Product contains artificial flavors, California law requires it to display both front- and back-label disclosures to inform consumers that the Product is artificially flavored. Cal. Health & Safety Code §§ 109875, *et seq.* (21 CFR 101.22).

39.     Defendants' Product has neither.

40.     California law, incorporating U.S. FDA regulations by reference, requires that a food label accurately describe the nature of the food product and the ingredients that create its characterizing flavors. *Id.* (21 C.F.R. 102.5(a)).

41.     If the front label of a food product identifies a recognizable primary flavor, that flavor is referred to as a "characterizing flavor" of the product.

42.     FDA regulations and California law establish that if "the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means" then "such flavor shall be considered the characterizing flavor". Cal. Health & Safety Code §§ 109875, *et seq.* (21 C.F.R. 101.22(i)).

43.     "Vinegar" is a primary recognizable flavor identified on the Product's front label and is therefore a characterizing flavor for the Product.

44.     If a food product's characterizing flavors are not created exclusively by the ingredients identified on the label, the product's front label must state that the product's flavor was simulated or reinforced with additional flavorings, either natural or artificial. If any artificial flavor is present which "simulates, resembles or reinforces" the characterizing flavor, the food must be labeled "artificially flavored." *Id.* (21 C.F.R. 101.22(i)(3)-(4)).

45.     A food product's label also must include a statement of the "presence or absence of any characterizing ingredient(s) or component(s) . . . when the presence or

7

absence of such ingredient(s) or component(s) in the food has a material bearing on price or consumer acceptance . . . and consumers may otherwise be misled about the presence or absence of the ingredient(s) or component(s) in the food." *Id.* (21 C.F.R. 102.5(c)).

46.    Such statement must be in boldface print on the front display panel and of sufficient size for an average consumer to notice. *Id.*

47.    Defendants' conduct also violates California law as it incorporates 21 C.F.R. 101.22(c), which requires all foods containing artificial flavoring to include:

> A statement of artificial flavoring . . . [which] shall be placed on the food or on its container or wrapper, or on any two or all three of these, as may be necessary to render such a statement likely to be read by the ordinary person under customary conditions of purchase and use of such food.

48.    Specific California statutes require the same.

49.    California's Health & Safety Code states that "[a]ny food is misbranded if it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact." Cal. Health & Safety Code § 110740.

50.    California law therefore requires Defendants to include on the Product's labeling a notice to alert California consumers that the Product is artificially flavored.

51.    Defendants failed to do so.

52.    Accordingly, Defendants' Product is misbranded and illegal to distribute or sell in California. *See* Cal. Health & Safety Code §§ 110740; 110760; 110765

53.    Because Defendants concealed this fact, Plaintiffs and the putative Class were unaware that the Product contained artificial flavoring when they purchased it, and that it was illegal for Defendants to sell the Product in California.

54.    When purchasing the Product, Plaintiffs were seeking a product of particular qualities—one that was flavored only with the natural ingredients claimed on the label and which did not contain artificial flavoring.

55.    Plaintiffs are not alone in these purchasing preferences. As reported in Forbes Magazine, <u>88%</u> of consumers recently polled indicated they would pay more for foods perceived as natural or healthy. "All demographics [of consumers]—from Generation Z to

8

1    Baby Boomers—say they would pay more" for such products, specifically including foods

2    with no artificial flavors.[6]

3         56.    Other authorities in the snack food business confirm this. The CEO of

4    Pepsico—Defendants' leading competitor in salty snack foods—informed investors at the

5    Morgan Stanley Consumer & Retail Conference as much, stating: "We have talked

6    extensively to consumers about this idea, and they come back and tell us the number one

7    motivation for purchase is products that claim to be all natural."[7]

8         57.    Defendants were aware that consumers like Plaintiffs and the Class prefer

9    natural food products to those that are artificially flavored.

10        58.    Defendants deceived Plaintiffs and the Class into purchasing the Product by

11   unlawfully concealing that it was artificially flavored.

12        59.    Plaintiffs lost money as a result. Plaintiffs would not have purchased the

13   Product in the absence of Defendants' misrepresentations and omissions. Had Defendants

14   not violated California law, Plaintiffs would not have been injured.

15        60.    Because the Product is illegal to sell in California, it is valueless. Even if it

16   had been legal to sell, the Product was worth less than what Plaintiffs paid for it. Plaintiffs

17   and putative Class Members would not have paid as much as they had for the Product

18   absent Defendants' false and misleading statements and omissions.

19   **Defendants' Competitors Label Their Products Lawfully**

20        61.    Defendants not only deceive consumers, but also gain an unfair commercial

21   advantage in the marketplace by labeling the Product deceptively.

22        62.    Manufacturers of competing snack products label their products lawfully.

23        63.    Wise Potato Chips, for example, accurately labels its flavored "Salt &

24   _____

25   [6] *Consumers Want Healthy Foods—And Will Pay More For Them*, FORBES MAGAZINE,

26   February 15, 2015, *available at*
     https://www.forbes.com/sites/nancygagliardi/2015/02/18/consumers-want-healthy-

27   foods-and-will-pay-more-for-them/#4b8a6b4b75c5 (last visited April 7, 2017).

28   [7]  https://seekingalpha.com/article/238261-pepsico-all-natural-growth (last visited April
     16, 2017).

1  Vinegar" chips as "Artificially Flavored."

2       64.   Other competing manufacturers, offering products whose labels suggest just
3  as Defendants do that their products are naturally flavored, truly are flavored only with
4  natural ingredients.

5       65.   Defendants, however, conceal their use of artificial flavoring, deceiving
6  consumers, illegally cutting costs, unjustly increasing profits, and competing unfairly and
7  unlawfully in the marketplace, thereby injuring their law-abiding competitors as well as
8  consumers.

9       66.   Defendants' conduct injures competing manufacturers that do not engage in
10  the same illegal behavior. These manufacturers compete for market share and limited shelf
11  space, as well as for consumers' buying preferences and dollars. Defendants' competitors
12  do so lawfully. Defendants do not.

13       **Plaintiffs' Purchases of the Product**

14       67.   Plaintiffs Barry Allred and Mandy C. Allred purchased the Product in
15  California during the Class Period defined herein.

16       68.   Plaintiffs purchased the Product multiple times annually since at least 2012
17  or earlier, including during 2016, most recently at the Vons grocery located at 5555 Balboa
18  Ave., San Diego, California 92111. Plaintiffs purchased the Product at the advertised retail
19  price, or from time to time at offered promotional prices, for example: "Two for $5.00."

20       69.   The average U.S. retail price for the Product in 2016 was $2.46 per package,[8]
21  including multiple-unit sales at discount retail outlets such as Walmart and Costco.

22       70.   Plaintiffs first discovered Defendants' unlawful acts described herein in late
23  December 2016, when they learned the Product's characterizing flavor was deceptively
24  created or reinforced using artificial flavoring, even though Defendants failed to disclose
25  that fact on the Product's label.

26       71.   Plaintiffs were deceived by, and justifiably relied upon, the Product's
27

28  [8] www.globalbrandprices.com/rankings/Pringles/ (last visited April 24, 2017).

1   deceptive labeling, and specifically the omission of the fact that it contained artificial
2   flavorings. Plaintiffs purchased the Product believing it was naturally-flavored, based on
3   the Product's deceptive labeling and failure to disclose that it was artificially flavored.

4       72.   Plaintiffs, as reasonable consumers, are not required to subject consumer
5   food products to laboratory analysis, to scrutinize the back of a label to discover that the
6   product's front label is false and misleading, or to search the label for information that
7   federal regulations require be displayed prominently on the front—and, in fact, under state
8   law are entitled to rely on statements that Defendants deliberately place on the Product's
9   labeling. Defendants, but not Plaintiffs, knew or should have known that this labeling was
10  in violation of federal regulations and state law.

11      73.   Because Plaintiffs reasonably assumed the Product to be free of artificial
12  flavoring based on its label, when it was not, they did not receive the benefit of their
13  purchases. Instead of receiving the benefit of products free of artificial flavoring, each
14  received a Product that was unlawfully labeled so as to deceive consumers into believing
15  that it is exclusively naturally flavored and contains no artificial flavoring, in violation of
16  federal and state labeling regulations.

17      74.   Plaintiffs intend to, desire to, and will purchase the Product again when they
18  can do so with the assurance that the Product's label, which indicates that the Product is
19  naturally-flavored, is lawful and consistent with the Product's ingredients.

20              **V.   TOLLING OF THE STATUTE OF LIMITATIONS**
21          **Delayed Discovery**

22      75.   Plaintiffs did not discover that Defendants' labeling of the Product was false
23  and misleading until December 2016, when they learned the Product contained artificial
24  flavoring.

25      76.   Plaintiffs are reasonably diligent consumers who exercised reasonable
26  diligence in their purchase and consumption of the Product. Nevertheless, they would not
27  have been able to discover Defendants' deceptive practices and lacked the means to
28  discover them given that, like nearly all consumers, they rely on and are entitled to rely on

                                    11

1    the manufacturer's obligation to label its products in compliance with federal regulations
2    and state law. Furthermore, Defendants' labeling practices and non-disclosures—in
3    particular, failing to identify the artificial flavor in the ingredient list, or to disclose that the
4    Product contains artificial flavoring, or to accurately identify the kind of malic acid that
5    Defendants put in the Product—impeded Plaintiffs' and Class Members' abilities to
6    discover the deceptive and unlawful labeling of the Product throughout the Class Period.
7    Thus, the delayed discovery exception postpones accrual of the limitations period for
8    Plaintiffs and all members of the putative Class.

9    **Fraudulent Concealment**

10   77.   Additionally, or in the alternative, Defendants were constructively and
11   actually aware that the Product contains artificial flavoring. Nevertheless, Defendants
12   continued to sell the Product without informing consumers of such artificial flavoring on
13   the Product's labeling. Therefore, at all relevant times, Defendants had a duty to inform
14   consumers that the Product contains artificial flavoring, but still knowingly concealed that
15   fact from Plaintiffs and members of the putative Class. Because Defendants actively
16   concealed their illegal conduct, preventing Plaintiffs and the putative Class from
17   discovering their violations of state law, the fraudulent concealment exception tolls the
18   statute of limitations on all claims herein.

19   **Continuing Violation**

20   78.   Additionally, or in the alternative, because Defendants' misrepresentations
21   and deception continues up to the present, the continuing violation exception tolls all
22   applicable statues of limitations for Plaintiffs and all members of the putative Class until
23   Defendants' unlawful advertising and labeling is corrected.

24   **VI.   CLASS ACTION ALLEGATIONS**

25   79.   Plaintiffs bring this action on behalf of themselves, all others similarly
26   situated, and the general public pursuant to Cal. Civ. Proc. Code § 382, Cal. Civ. Code §
27   1781, and Cal. Bus. & Prof. Code § 17203.

28

CLASS ACTION COMPLAINT

80.   The proposed Class is currently defined as:

All consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified (hereinafter the "Class Period").

81.   Excluded from the Class are governmental entities; Defendants; any entity in which Defendants have a controlling interest; Defendants' agents, employees, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the Court, judicial officers, and their immediate family members and court staff assigned to this case.

82.   To the extent the Court finds that further delayed discovery or equitable tolling is appropriate to toll the Class' claims further, the Class Period will be adjusted accordingly.

83.   Plaintiffs and the Class reserve their right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

84.   The terms "consumer" and "member of the public" have their ordinary meaning as used in California's Civil Code and Business and Professions Code.

85.   During the Class Period, the Product unlawfully contained undisclosed artificial flavors—including d-malic acid or d-l-malic acid and sodium diacetate—and was otherwise improperly labeled. Defendants failed to label the Product as required by California law.

86.   The proposed Class meets all criteria for a class action, including numerosity, typicality, superiority, and adequacy of representation.

87.   The proposed Class satisfies numerosity. The Product is offered for sale at over two thousand supermarkets in California. The Class numbers, at a minimum, in the tens of thousands. Individual joinder of the Class Members in this action is impractical. Addressing Class Members' claims through a class action will benefit Class Members, the

13

1 parties, and the courts.

2       88.   The proposed Class satisfies typicality. Plaintiffs' claims are typical of, and
3 are not antagonistic to, the claims of other Class Members. Plaintiffs and Class Members
4 all purchased the Product at retail locations, after being exposed to the false, misleading,
5 and unlawful Product labeling at the point of purchase, were deceived by the false and
6 deceptive labeling, and lost money as a result.

7       89.   The proposed Class satisfies superiority. A class action is superior to any
8 other means for adjudication of the Class Members' claims because each Class Member's
9 claim is modest, based on the Product's retail purchase price which is generally under
10 $5.00. It would be impractical for individual Class Members to bring individual lawsuits
11 to vindicate their claims.

12      90.   Because Defendants' misrepresentations were made on the label of the
13 Product itself, all Class Members, including Plaintiffs, were exposed to, and continue to
14 be exposed to, the omissions and affirmative misrepresentations. If this action is not
15 brought as a class action, Defendants could continue to deceive consumers and violate
16 California law with impunity.

17      91.   The proposed Class Representatives—Plaintiffs Barry and Mandy Allred—
18 satisfy the adequacy of representation requirement. Each Plaintiff is an adequate
19 representative of the Class, as each seeks relief for the Class, their interests do not conflict
20 with the interests of the Class, and each has no interest antagonistic to those of other Class
21 Members. Plaintiffs have retained counsel who are competent in the prosecution of
22 complex consumer fraud and class action litigation. Plaintiffs and their counsel are
23 committed to vigorously prosecuting this action on behalf of the Class, and have the
24 financial resources to do so.

25      92.   There is a well-defined community of interest in questions of law and fact
26 common to the Class, and these predominate over any individual questions affecting
27 individual Class Members' claims in this action.

28

CLASS ACTION COMPLAINT

93.     Questions of law and fact common to Plaintiffs and the Class include, but are not limited to:

    a.    Whether Defendants failed to disclose the presence of the artificial flavoring ingredient d-l-malic acid in the Product;

    b.    Whether Defendants failed to disclose the presence of the artificial flavoring ingredient sodium diacetate in the Product;

    c.    Whether the Product was misbranded under California law;

    d.    Whether Defendants' labeling omissions and representations constituted false advertising under California law;

    e.    Whether Defendants' conduct constituted a violation of California's Unfair Competition Law;

    f.    Whether Defendants' conduct constituted a violation of California's Consumers Legal Remedies Act;

    g.    Whether Defendants' conduct constitutes a breach of express and/or implied warranties under California's Commercial Code;

    h.    Whether the statute of limitations should be tolled on behalf of the Class;

    i.    Whether the Class is entitled to restitution, rescission, actual damages, punitive damages, attorney fees and costs of suit, and/or injunctive relief; and

    j.    Whether Class Members are entitled to any such further relief as the Court deems appropriate.

94.     Thus, common questions predominate.

95.     Further, Defendants have acted on grounds applicable to the entire Class, making final injunctive relief or equitable or declaratory relief appropriate for the Class as a whole.

96.     Plaintiffs will fairly and adequately protect the interests of the Class, have no interests that are incompatible with the interests of the Class, and have retained counsel

15

1    competent and experienced in complex class action litigation.

2        97.    Class treatment is therefore appropriate for this action.

3                        **VII.    CAUSES OF ACTION**

4                            **First Cause of Action**
         **Violation of California's Consumers Legal Remedies Act ("CLRA")**
5              **Cal. Civ. Code §§ 1750, *et seq*. (Equitable relief only)**
6        **(On behalf of all Plaintiffs and Class Members Against all Defendants)**

7        98.    Plaintiffs reallege and incorporate by reference the allegations made

8    elsewhere in the Complaint as if set forth in full herein, and further allege as follows:

9        99.    This cause of action is brought pursuant to the Consumers Legal Remedies

10   Act, California Civil Code §§ 1750, *et seq*. (the "CLRA").

11       100.   The California Consumers Legal Remedies Act prohibits any unfair,

12   deceptive, and/or unlawful practices, as well as unconscionable commercial practices in

13   connection with the sale of any goods or services to consumers. *See* Cal. Civ. Code § 1770.

14       101.   The CLRA "shall be liberally construed and applied to promote its

15   underlying purposes, which are to protect consumers against unfair and deceptive business

16   practices and to provide efficient economical procedures to secure such protection." Cal.

17   Civ. Code § 1760.

18       102.   Defendants are "persons" under the CLRA. Cal. Civ. Code § 1761(c).

19       103.   Plaintiffs and putative Class Members are "consumers" under the CLRA.

20   Cal. Civ. Code § 1761(d).

21       104.   The Product is a "good" under the CLRA. Cal. Civ. Code § 1761(a).

22       105.   Plaintiffs and putative Class Members' purchases of the Product within the

23   Class Period constitute "transactions" under the CLRA. Cal. Civ. Code § 1761(e).

24       106.   Defendants' actions and conduct described herein constitute transactions that

25   have resulted in the sale of goods to consumers.

26       107.   Defendants' failure to label the Product in accordance with California

27   labeling requirements, omitting required information that the Product contains artificial

28   flavoring, is an unfair, deceptive, unlawful, and unconscionable commercial practice.

                                       16

108.   Defendants' conduct violates several provisions of the CLRA, including, but not limited to:

1770(a)(5): Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

1770(a)(7): Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

1770(a)(9): Advertising goods or services with intent not to sell them as advertised.

1770(a)(16): Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

109.   As a result of Defendant's violations, Plaintiffs and the Class suffered, and continue to suffer, ascertainable losses in the form of the purchase price they paid for the unlawfully labeled and marketed Product, which they would not have paid had the Product been labeled correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

110.   In accordance with Cal. Civ. Code § 1780(d), Plaintiffs have attached a "venue affidavit" to this Complaint, showing that this action has been commenced in the proper county.

111.   Pursuant to § 1782 of the CLRA, Plaintiffs notified Defendants in writing of the particular violations of §1770 of the CLRA, and demanded Defendants rectify the actions described above by providing monetary relief, agreeing to be bound by their legal obligations, and to give notice to all affected customers of their intent to do so. Plaintiffs sent this notice by certified mail, return receipt requested, to Defendants' principal places of business and to Defendants' registered agents for service of process.

112.   If Defendants fail to remedy the violations alleged herein within 30 days of receipt of Plaintiffs' notice, Plaintiffs will amend this Complaint to add claims for actual, exemplary, and statutory damages pursuant to the CLRA. Plaintiffs do not seek damages

17

1  under the CLRA at this time, but only injunctive or other equitable relief as set forth

2  herein.

3  **Second Cause of Action**
   **Violation of California's Unfair Competition Law ("UCL")**
4  **Cal. Bus. & Prof. Code §§ 17200, *et seq*. - Unlawful Prong**
5  **(On behalf of all Plaintiffs and Class Members Against all Defendants)**

6     113.   Plaintiffs reallege and incorporate by reference each and every allegation

7  contained elsewhere in this Complaint, as if fully set forth herein, and further allege as

8  follows:

9     114.   Section 17200 of the California Business & Professions Code, known as the

10 Unfair Competition Law ("UCL"), prohibits any "unlawful, unfair or fraudulent business

11 act or and unfair, deceptive, untrue or misleading advertising . . ." Section 17200

12 specifically prohibits any "unlawful . . . business act or practice."

13    115.   The UCL borrows violations of other laws and statutes and considers those

14 violations also to constitute violations of California law.

15    116.   Defendants' practices, as described herein, were at all times during the Class

16 Period, and continue to be, unlawful under, *inter alia*, FDA regulations and California's

17 Sherman Law.

18    117.   Among other violations, Defendants' conduct in unlawfully packaging,

19 labeling, and distributing the Product in commerce in California violated U.S. FDA

20 packaging and labeling regulations.

21    118.   The Product's label fails to disclose that it contains a synthetic artificial

22 flavoring in violation of 21 CFR 101.22 and California's Sherman Law.

23    119.   The Product contains d-l-malic acid and sodium diacetate but does not

24 identify either of these compounds as an artificial flavoring, on either the Product's front-

25 or back-label.

26    120.   The d-l-malic acid is a flavoring material included in the Product to create,

27 simulate or reinforce the characterizing "Salt & Vinegar" flavor.

28    121.   The d-l-malic acid in the Product is not derived from a natural material as

18

1  defined in 21 CFR 101.22, and is therefore an artificial flavor under California law.

2      122.   The sodium diacetate is a flavoring material included in the Product to create,

3  simulate, or reinforce the characterizing "Salt & Vinegar" flavor.

4      123.   The sodium diacetate in the Product is not derived from a natural material as

5  defined in 21 CFR 101.22, and is therefore an artificial flavor under California law.

6      124.   Defendants fail to inform consumers of the presence of either artificial flavor

7  in the Product as required by California law.

8      125.   Such conduct is ongoing and continues to this date.

9      126.   Defendants' practices are therefore unlawful as defined in Section 17200 of

10  the California Civil Code.

11      127.   Plaintiffs and the Class reserve the right to allege other violations of law that

12  constitute other unlawful business acts or practices.

13                          **Third Cause of Action**
**Violation of California's Unfair Competition Law ("UCL")**
14          **Cal. Bus. & Prof. Code §§ 17200, *et seq*. - Unfair Prong**
15      **(On behalf of all Plaintiffs and Class Members Against all Defendants)**

16      128.   Plaintiffs reallege and incorporate by reference each and every allegation

17  contained elsewhere in this Complaint as if fully set forth herein, and further allege as

18  follows:

19      129.   Section 17200 of the California Business & Professions Code, the UCL,

20  prohibits any "unlawful, unfair or fraudulent business act or and unfair, deceptive, untrue

21  or misleading advertising . . ." Section 17200 specifically prohibits any "unfair . . .

22  business act or practice." Defendants' practices violate the UCL's "unfair" prong as well.

23      130.   A business act or practice is "unfair" under the UCL if the reasons,

24  justifications, and motives of the alleged wrongdoer are outweighed by the gravity of the

25  harm to the alleged victims. A business act or practice is also "unfair" under the UCL if a

26  defendant's conduct is immoral, unethical, oppressive, unscrupulous, or substantially

27  injurious to consumers. A business act or practice is also "unfair" under the UCL where

28  the consumer injury is substantial, the injury is not outweighed by any countervailing

                                    19

1  benefits to consumers or competition, and the injury is one that consumers themselves
2  could not reasonably have avoided considering the available alternatives.

3      131.  Defendants' conduct, as detailed herein, constitutes unfair business practices.

4      132.  Defendants' practices, as described herein, are "unfair" within the meaning
5  of the UCL because the conduct is unethical and injurious to California residents, and the
6  utility of the conduct to Defendants does not outweigh the gravity of the harm to
7  consumers, including Plaintiffs and Class Members.

8      133.  While Defendants' decision to label the Product deceptively and in violation
9  of California law may have some utility to them in that it allows Defendants to sell the
10 Product to consumers who otherwise would not purchase an artificially-flavored food
11 product at the retail price or at all if it were labeled correctly, and to realize higher profit
12 margins than if they formulated or labeled the Product lawfully, this utility is small and
13 far outweighed by the gravity of the harm Defendants inflicts upon California consumers,
14 including Plaintiffs and Class Members.

15     134.  Defendants' conduct also injures competing food product manufacturers,
16 distributors, and sellers that do not engage in the same unfair and unethical conduct.

17     135.  Moreover, Defendants' practices violate public policy expressed by specific
18 constitutional, statutory, and/or regulatory provisions, including, but not limited to,
19 California's Sherman Law, California's False Advertising Law, and the federal FDA
20 regulations cited herein.

21     136.  Plaintiffs' and the Class Members' purchases of the Product all took place in
22 California.

23     137.  Defendants consciously failed, and continue to fail, to disclose material facts
24 to Plaintiffs and the Class in Defendants' advertising and marketing of the Product.

25     138.  Defendants' conduct is "unconscionable" because it violates, *inter alia*, 21
26 C.F.R. 101.22(c), which requires all food products for which artificial flavoring provides
27 a characterizing flavor to disclose this fact prominently on the product's front label.

28     139.  Defendants intended that Plaintiffs and the Class rely on Defendants' acts of

CLASS ACTION COMPLAINT

1  omissions so that Plaintiffs and other Class Members would purchase the Product.

2       140.   Had Defendants disclosed all material information regarding the Product in

3  its advertising and marketing, Plaintiffs and the Class would not have purchased the

4  Product, or would have paid less for the Product.

5       141.   Plaintiffs suffered injury in fact and lost money or property as a result of

6  Defendants' deceptive advertising: they were denied the benefit of the bargain when they

7  decided to purchase the Product based on Defendants' violations of applicable laws and

8  regulations, or to purchase the Product in favor of competitors' products, which are less

9  expensive, contain no artificial flavoring, and/or are lawfully labeled.

10      142.   Plaintiffs suffered an ascertainable loss of money. The acts, omissions, and

11 practices of Defendants detailed herein actually and proximately caused Plaintiffs and

12 other Class Members to suffer an ascertainable loss in the form of, *inter alia*, monies spent

13 to purchase the Product they otherwise would not have, and they are entitled to recover

14 such damages, together with appropriate penalties, including restitution, damages,

15 attorneys' fees, and costs of suit.

16      143.   Section 17200 also prohibits any "unfair, deceptive, untrue or misleading

17 advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive,

18 untrue, and misleading advertising in violation of California Business & Professions Code

19 § 17200, the UCL.

20      144.   Pursuant to California Business & Professions Code § 17203, Plaintiffs seek

21 an order requiring Defendants to immediately cease such acts of unlawful, unfair, and/or

22 fraudulent business practices, and requiring Defendants to return the full amount of money

23 improperly collected to all those who purchased the Product.

24                    **Fourth Cause of Action**
            **Violation of California's False Advertising Law ("FAL")**
25                **Cal. Bus. & Prof. Code §§ 17500, *et seq.***
26      **(On behalf of all Plaintiffs and Class Members Against all Defendants)**

27      145.   Plaintiffs reallege and incorporate by reference each and every allegation

28 contained elsewhere in this Complaint as if fully set forth herein, and further allege as

                                     21

1  follows:

2      146.  Defendants made and distributed, in California and in interstate commerce, a

3  Product that unlawfully fails to disclose artificial flavoring on its labeling and packaging

4  as required by federal food labeling regulations.

5      147.  The Product's labeling and advertising in California falsely describes the

6  Product as if it were naturally-flavored.

7      148.  Under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code

8  §§ 17500, *et seq*:

9        "It is unlawful for any person, firm, corporation or association, or any employee

10        thereof with intent directly or indirectly to dispose of real or personal property

11        . . . to make or disseminate or cause to be made or disseminated before the
      public in this state, or to make or disseminate or cause to be made or

12        disseminated from this state before the public in any state, in any newspaper or
      other publication, or any advertising device . . . any statement, concerning that

13        real or personal property . . . which is untrue or misleading, and which is known,

14        or which by the exercise of reasonable care should be known, to be untrue or
      misleading. . . ."

15

16  Cal. Bus. & Prof. Code § 17500.

17      149.  Defendants' business practices as alleged herein constitute unfair, deceptive,

18  untrue, and misleading advertising pursuant to California's FAL because Defendants

19  advertised the Product in a manner that is untrue and misleading, and that is known or

20  reasonably should have been known to Defendants to be untrue or misleading.

21      150.  Defendants' labeling and advertising statements, omitting legally-required

22  label statements and thereby communicating to consumers that the Product contained no

23  artificial flavors, and concealing the fact that it contained synthetic artificial flavors, were

24  untrue and misleading, and Defendants, at a minimum by the exercise of reasonable care,

25  should have known those actions were false or misleading.  Thus, Defendants' conduct

26  violated California's False Advertising Law.

27      151.  Defendants' wrongful business practices have caused injury to Plaintiff and

28  the Class.

22

CLASS ACTION COMPLAINT

152.   Pursuant to section 17535 of the California Business and Professions Code, Plaintiffs and the Class seek an order of this Court enjoining Defendants from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in the Complaint.

153.   Plaintiffs also seek an order for the disgorgement and restitution of all monies from the sale of the Product which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition, and attorneys' fees and costs.

**Fifth Cause of Action**
**Breach of Express Warranty**
**Cal. Comm. Code § 2313**
**(On behalf of all Plaintiffs and Class Members Against all Defendants)**

154.   Plaintiffs reallege and incorporate by reference the allegations found elsewhere in the Complaint as if set forth in full herein, and further allege as follows:

155.   The Product's front label misleadingly claims by operation of law that the Product is flavored only with salt and vinegar.

156.   These written promises became part of the basis of the bargain between the parties and thus constituted an express warranty, which Defendants breached; the Product is artificially flavored. *See* Cal. Comm. Code § 2313.

157.   These representations had an influence on consumers' decisions in purchasing the Product. Defendants made the above representations to induce Plaintiffs and the Class to purchase the Product. Plaintiffs and Class Members justifiably relied on the representations when purchasing Defendants' Product.

158.   The Products does not conform to Defendants' express warranties because the express warranties are false and misleading.

159.   Defendants sold the goods to Plaintiffs and other consumers who bought the goods from Defendants relying on Defendants' express warranties.

160.   As a result, Plaintiffs and other Class Members did not receive goods as warranted by Defendants. As an actual and proximate result of this breach of warranty by Defendants, Plaintiffs and other Class Members have been, and continue to be, damaged

23

1    in amounts to be determined at trial.

2       161.   Within a reasonable amount of time after Plaintiffs discovered that the

3    Product contained synthetic ingredients, Plaintiffs notified Defendants of such breach.

4                               **Sixth Cause of Action**
                              **Breach of Implied Warranties**
5                               **Cal. Comm. Code § 2314**
6       **(On behalf of all Plaintiffs and Class Members Against all Defendants)**

7       162.   Plaintiffs reallege and incorporates the allegations elsewhere in the

8    Complaint as if set forth in full herein, and further allege as follows:

9       163.   Defendants' label representations created implied warranties that the Product

10   is suitable for a particular purpose, specifically as a naturally-flavored food product.

11   Defendants breached this implied warranty.

12      164.   The Product's front label misleadingly implies that it is flavored with the

13   natural ingredients comprising the characterizing flavors.

14      165.   As alleged in detail above, at the time of purchase, Defendants had reason to

15   know that Plaintiffs, as well as members of the Class, intended to use the Product as a

16   naturally-flavored food product. Defendants were aware of market research so concluding.

17      166.   This became part of the basis of the bargain between the parties.

18      167.   These representations had an influence on consumers' decisions in

19   purchasing the Product. Defendants made the above representations to induce Plaintiffs

20   and the Class to purchase the Product. Plaintiffs and Class Members justifiably relied on

21   the representations when purchasing Defendants' Product.

22      168.   Based on that implied warranty, Defendants sold the goods to Plaintiffs and

23   other Class Members who bought the goods from Defendants.

24      169.   At the time of purchase, Defendants knew or had reason to know that

25   Plaintiffs and Class Members were relying on Defendants' skill and judgment to select or

26   furnish a Product that was suitable for this particular purpose, and Plaintiffs justifiably

27   relied on Defendants' skill and judgment.

28      170.   The Product was not suitable for this purpose.

                                      24
                            CLASS ACTION COMPLAINT

171.   Plaintiffs purchased the Product believing it had the qualities Plaintiffs sought, based on the deceptive advertising and labeling, but the Product was actually unsatisfactory to Plaintiffs for the reasons described herein.

172.   The Product was not merchantable in California, as it was not of the same quality as other products in the naturally-flavored food category generally acceptable in the trade, as it actually contained undisclosed artificial flavors. *See* Cal. Comm. Code § 2314(1).

173.   The Product would not pass without objection in the trade when packaged with its existing label, because the Product was misbranded and illegal to sell in California. Cal. Comm. Code § 2314(2)(a).

174.   The Product also was not acceptable commercially and breached its implied warranty because it was not adequately packaged and labeled as required. Cal. Comm. Code § 2314(2)(e).

175.   The Product also was not acceptable commercially and breached its implied warranty because it did not conform to the promises or affirmations of fact made on the container or label, Cal. Comm. Code § 2314(2)(f), and other grounds as set forth in Commercial Code, section 2314(2).

176.   By offering the Product for sale and distributing the Product in California, Defendants also warranted that the Product was not misbranded and was legal to sell in California. Because the Product was misbranded in several regards and was therefore illegal to sell or offer for sale in California, Defendants breached this warranty as well.

177.   As a result of this breach, Plaintiffs and other Class Members did not receive goods as impliedly warranted by Defendants. As an actual and proximate result of this breach of warranty, Plaintiffs and other Class Members have been damaged in amounts to be determined at trial.

178.   Within a reasonable amount of time after the Plaintiffs discovered that the Product contained artificial ingredients, Plaintiffs notified Defendants of such breaches.

CLASS ACTION COMPLAINT

1    179.   As a result, Plaintiffs, the Class, and the general public are entitled to

2  injunctive and equitable relief, restitution, and an order for the disgorgement of the funds

3  by which Defendants were unjustly enriched.

4                          VIII.   **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated in

6  California, and the general public, pray for judgment against Defendants as follows:

7    A.   An order confirming that this action is properly maintainable as a class action

8         as defined above, appointing Plaintiffs and their undersigned counsel to

9         represent the Class, and requiring Defendants to bear the cost of class notice;

10   B.   An order declaring that the conduct complained of herein violates the CLRA;

11   C.   An order declaring that the conduct complained of herein violates the UCL;

12   D.   An order declaring that the conduct complained of herein violates the FAL;

13   E.   An order declaring that the conduct complained of herein breached express

14        warranties, implied warranties, or both;

15   F.   An order requiring Defendants to disgorge any benefits received from

16        Plaintiffs and any unjust enrichment realized as a result of the improper and

17        misleading labeling, advertising, and marketing of the Product;

18   G.   An order requiring Defendants to restore to Plaintiffs and the Class equitable

19        restitution in amounts as permitted in equity;

20   H.   An order requiring Defendants to pay damages to Plaintiffs and Class

21        Members so that they may be restored any money which was acquired by

22        means of any unfair, deceptive, unconscionable, and/or negligent acts;

23   I.   An award of punitive damages in an amount to be proven at trial;

24   J.   An order enjoining Defendants' deceptive and unfair practices;

25   K.   An order requiring Defendants to conduct corrective advertising;

26   L.   An award of pre-judgment and post-judgment interest;

27   M.   An award of attorneys' fees and costs pursuant to, *inter alia*, the CLRA, Cal.

28        Civ. Proc. Code § 1021.5, the Private Attorney General Act statute, and

                                            26

1      substantial benefit doctrines; and

2      N.     Such other and further relief as this Court may deem just, equitable, or proper.

3                            **IX.    JURY DEMAND**

4          Plaintiffs demand a trial by jury on all claims for damages. Plaintiffs do not seek a

5   jury trial for claims sounding in equity.

6

7   DATED: May 10, 2017                     Respectfully Submitted,

8                                           /s/ David Elliot

9
                                            **THE ELLIOT LAW FIRM**
10                                          DAVID ELLIOT (270381)
                                            *davidelliot@elliotlawfirm.com*
11                                          3200 Fourth Avenue, Suite 207
12                                          San Diego, CA 92103
                                            Telephone:  (619) 468-4865
13

14                                          **LAW OFFICES OF**
                                            **RONALD A. MARRON, APLC**
15                                          RONALD A. MARRON (175650)
16                                          *ron@consumersadvocates.com*
                                            WILLIAM B. RICHARDS, JR. (298552)
17                                          *bill@consumersadvocates.com*
18                                          651 Arroyo Drive
                                            San Diego, CA 92103
19                                          Telephone:  (619) 696-9006
20                                          Facsimile:   (619) 564-6665

21                                          *Counsel for Plaintiffs and the Putative Class*

22

23

24

25

26

27

28

                                           27
                            CLASS ACTION COMPLAINT

1     <u>Venue Affidavit</u>

2

3     I, Barry Allen, declare as follows:

4     1. I am a Plaintiff in this action. I make this affidavit pursuant to California Civil

5     Code Section 1780(d).

6     2. The Complaint in this action is filed in a proper place for the trial of this action

7     because at least one named Defendant is doing business in this county and one or

8     more of the transactions that form the basis of the action occurred in this county.

9

10    I declare under penalty of perjury under the laws of California and the United States

11    that the foregoing is true and correct.

12

13    Dated: MAY 5 , 2017

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENUE AFFIDAVIT