**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>KELLOGG COMPANY, a Delaware Corporation; KELLOGG SALES COMPANY, a Delaware corporation; and PRINGLES, LLC, a Delaware limited liability company,<br><br>Defendants. | Case No. 3:17-cv-01354-AJB-BLM<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR REMAND**<br><br>Date:  October 12, 2017<br>Time:  2:00 PM<br>Ctrm:  4A<br>Judge:  Hon. Anthony J. Battaglia |

-1-
*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ....................................1

III. LEGAL STANDARD.........................................................................................2

IV. ARGUMENT......................................................................................................3

    A. THE COURT LACKS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA .................................................................................................................3

        1. *Defendants' Damages Calculations are Grossly Over-Inclusive and Speculative, Unsupported by Adequate Factual Justification* ...................................................................................4

        2. *Defendants Apply an Incorrect Damages Calculation Based on the Full Refund Model Rather than the Price Premium Model*............................................................................................6

        3. *Defendants Have Not Provided a "Summary-Judgment-Quality" Price Premium Damages Calculation* ........................7

    B. DEFENDANTS REMOVED THIS ACTION IN BAD FAITH AND IN A WRONGFUL ATTEMPT TO THWART PLAINTIFFS' "PRIMARY" REMEDY FOR PUBLIC INJUNCTIVE RELIEF ...........................................................9

V. CONCLUSION.................................................................................................10

-i-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

# TABLE OF AUTHORITIES

**Cases**

*Abrego Abrego v. The Dow Chemical Co.*,
   443 F.3d 676 (9th Cir. 2006) ............................................................................ 3, 4

*Alpert v. Time Warner Cable, Inc.*,
   2008 U.S. Dist. LEXIS 51623 (S.D. Cal. June 30, 2008) ..................................... 8

*Aparicio v. Abercrombie & Fitch Stores Inc.*,
   2014 U.S. Dist. LEXIS 17337 (C.D. Cal. Feb. 10, 2014) ..................................... 9

*Armstrong v. Ruan Transp. Corp.,.*
   2016 WL 6267931 (C.D. Cal. Oct. 25, 2016) ....................................................... 5

*Behrazfar v. Unisys Corp.,*
   687 F. Supp. 2d 999 (C.D. Cal. 2009) .................................................................. 8

*Brazil v. Dole Packaged Foods, LLC*,
   660 F. App'x 531 (9th Cir. 2016) ..................................................................... 6, 7

*Brill v. Countrywide Home Loans, Inc.*,
   427 F.3d 446 (7th Cir. 2005) ................................................................................ 9

*Carranza v. Nordstrom, Inc.,*
   2014 U.S. Dist. LEXIS 172307 (C.D. Cal. Dec. 12, 2014) ................................. 9

*Caterpillar Inc. v. Williams*,
   482 U.S. 386 (1987) .............................................................................................. 3

*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir.2004) ............................................................................. 10

*City of Oakland v. Lynch*,
   798 F.3d 1159 (9th Cir. 2015) ............................................................................ 10

*Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*
   198 F.Supp.2d 1280 (D. Kan. 2002). .................................................................... 8

-ii-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

*Deitz v. Comcast Corp.*,
  2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ...................................................... 11

*Duncan v. Stuetzle*,
  76 F.3d 1480 (9th Cir. 1996) ................................................................................. 3

*Ellis v. Pacific Bell Tel. Co.*,
  2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011) ............................................... 8

*Fair v. Swanson*,
  753 F.Supp. 875 (D. Colo. 1991) .......................................................................... 8

*Fletcher v. Toro Co.*,
  2009 U.S. Dist. LEXIS 126693 (S.D. Cal. Feb. 3, 2009) ..................................... 8

*Garibay v. Archstone Communities LLC*,
  539 F. App'x 763 (9th Cir. 2013) .......................................................................... 5

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) ............................................................................. 3, 4

*Greco v. Selection Mgmt. Sys.*,
  2014 U.S. Dist. LEXIS 87977 (S.D. Cal. June 26, 2014) .................................... 7

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ................................................................................. 4

*Harris v. Bankers Life & Casualty Co.*,
  425 F.3d 689 (9th Cir. 2005) ............................................................................... 11

*Henderson v. Gruma Corp.*,
  2011 WL 1362188 (CD. Cal. 2011) .................................................................... 10

*In re POM Wonderful LLC*,
  2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) ...................................................... 6

*In re Tobacco II Cases*,
  46 Cal. 4th 298 (2009) ......................................................................................... 10

*Keller v. Gaspari Nutrition Inc.*,
  2011 U.S. Dist. LEXIS 29355 (C.D. Cal. Mar. 2, 2011) ........................................ 8

*Kokkonen v. Guardian Life Ins. Co. of America*,
  511 U.S. 375 (1994) .................................................................................................. 3

*Lanovaz v. Twinings N. Am., Inc.*,
  2014 WL 1652338 (N.D. Cal. Apr. 24, 2014) ........................................................ 7

*Lowdermilk v. United States Bank Nat'l Assoc.*,
  479 F.3d 994 (9th Cir. 2007) ........................................................................... 3, 4, 8

*Machlan v. Procter & Gamble Co.*,
  77 F. Supp. 3d 954 (N.D. Cal. 2015) .................................................................... 11

*Matheson v. Progressive Specialty Ins. Co.*,
  319 F.3d 1089 (9th Cir. 2003) ............................................................................. 3, 4

*McGill v. Citibank, N.A.*,
  2 Cal. 5th 945 (2017) ............................................................................................. 10

*McPhail v. Deere & Co.*,
  529 F.3d 947 (10th Cir. 2008) ................................................................................ 8

*Molina v. Lexmark Intern., Inc.*,
  2008 WL 4447678 (C.D. Cal. Sept. 30, 2008) ....................................................... 7

*Prize Frize, Inc. v. Matrix (U.S.), Inc.*,
  167 F.3d 1261 (9th Cir. 1999) ................................................................................ 3

*Ries v. Arizona Beverages USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) .......................................................................... 10

*Singer v. State Farm Mutual Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) .............................................................................. 4, 8

*Smith v. Brinker Int'l, Inc.*,
  2010 WL 1838726 (N.D. Cal. May 5, 2010) ......................................................... 9

-iv-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

*Surber v. Reliance Nat'l Indem. Co.*,
   110 F.Supp.2d 1227 (N.D. Cal. 2000) .................................................................. 7

*Tehrani v. Macys W. Stores, Inc.*,
   2016 WL 1559085 (C.D. Cal. Apr. 18, 2016) ...................................................... 6

*Werdebaugh v. Blue Diamond Growers*,
   2014 WL 2191901 (N.D. Cal. May 23, 2014) ..................................................... 7

**Statutes**

28 U.S.C. § 1332(d) ......................................................................................................3

28 U.S.C. § 1332(d)(2) .............................................................................................3, 4

28 USC § 1447 ..............................................................................................................1

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ...................................................................2

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ...................................................................2

Cal. Civ. Code §§ 1750, *et seq.* ...................................................................................2

**Regulations**

21 CFR § 101.22 ..........................................................................................................1

Cal. Health & Safety Code §§ 109875, *et seq* ............................................................1

-v-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

Pursuant to 28 USC § 1447, Plaintiffs Barry Allred and Mandy C. Allred (collectively "Plaintiffs"), respectfully submit this Memorandum of Points and Authorities in Support of their Motion for Remand. Plaintiffs contend that remand is appropriate here because the Defendants have failed to demonstrate that the amount in controversy meets the statutory requirement in the Class Action Fairness Act ("CAFA"), the sole basis for Federal court jurisdiction that Defendants assert. This Court therefore lacks subject matter jurisdiction over this action. As set forth fully below, Plaintiffs respectfully request that the Court remand this action to the state court from which it was removed.

## I.   INTRODUCTION

This is a putative class action seeking redress for Defendants' false advertising of an artificially-flavored "Potato Crisp" snack product. This action was originally filed in the Superior Court for the County of San Diego and was removed by Defendants on July 5, 2017. *See* Def.s' Ntc. of Removal (Dkt. No. 1).

The gravamen of Plaintiffs' complaint is that Defendants conceal from consumers the fact that their snack product is artificially flavored. Under California law, this information must be disclosed on the Product label. *See* Compl., ¶ 22; Cal. Health & Safety Code §§ 109875, *et seq.*, (Sherman Law), incorporating 21 CFR § 101.22. Further, consumers overwhelmingly express a purchasing preference for products without artificial flavors. Defendants, aware of this preference, deceptively and unlawfully label the Product as if it contained only natural flavors and conceal the presence of artificial flavors in the Product. Plaintiffs, who purchased the Product relying on its deceptive and unlawful label, seek to represent a class of California consumers who were similarly duped.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This action was filed on May 11, 2017 in the Superior Court for the County of San Diego. *See* RJN at Ex. 1. On July, 5, 2017, Defendants filed a Notice of Removal with this Court. ECF No. 1. Then, on July 19, 2017, Defendants filed a Motion to Dismiss the complaint. ECF No. 7.

-1-

Plaintiffs are purchasers of Defendants' Salt & Vinegar Flavored Potato Crisps (the "Product"). Compl., ¶¶ 67-68. Plaintiffs allege that they were misled by Defendants' failure to disclose the fact that the product is artificially flavored, Compl., ¶ 10, and that Defendants violated California law thereby. Plaintiffs allege that Defendants add two artificial flavorings—sodium diacetate and malic acid—to simulate the Product's labeled "vinegar" but fail to disclose this fact to consumers. Compl., ¶ 20.

Plaintiffs allege, among other violations, the Product's label violates California law by failing to disclose that the Product contains artificial flavors. Compl., ¶ 24. Plaintiffs allege violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, and assert that Defendants breached express and implied warranties. *See generally* Compl.

Plaintiffs seek to represent a class of consumers provisionally defined as follows:
> All consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint and continuing until the Class is certified (hereinafter the "Class Period").

Compl, ¶ 80. Plaintiffs therefore seek damages, restitution, and injunctive relief on behalf of themselves and the proposed class members. *Id*.

### III.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). As such, they are empowered to hear only those cases authorized by the U.S. Constitution and statute. *Id*. A defendant may remove a state action only if the plaintiff could have originally filed the action in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The burden of establishing federal jurisdiction is on the party seeking

removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999); *accord Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "Although CAFA amends 28 U.S.C. § 1332(d) for class action lawsuits, the Ninth Circuit has 'affirmed that under CAFA, the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction.'" *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006)). Remand to state court may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Indeed, "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added).

## IV.   ARGUMENT

### A.  The Court Lacks Original Subject Matter Jurisdiction Under CAFA

Defendants attempt to establish jurisdiction in this Court pursuant to 28 U.S.C. §1332(d)(2), which was enacted as part of the Class Action Fairness Act of 2005. Under CAFA, "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum value of $5,000,000.00, exclusive of interests and costs," the action is a class action, and "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2). Defendants do not assert any other possible basis for jurisdiction in this Court. *See* ECF No. 1.

The Complaint here does not plead a specific amount of damages. *See generally* Compl. "[W]hen the plaintiff fails to plead a specific amount of damages,

-3-

the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.'" *Lowdermilk*, 479 F.3d at 998 (quoting *Abrego Abrego*, 443 F.3d at 684); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . we apply a preponderance of the evidence standard"); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). Defendants' Notice of Removal is defective and this Court lacks subject matter jurisdiction over this action. Specifically, Defendants have failed to prove that the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). "If it is *unclear* what amount of damages the plaintiff has sought, ... then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67 (emphasis in original).

    1.    <u>Defendants' Damages Calculations are Grossly Over-Inclusive and Speculative, Unsupported by Adequate Factual Justification</u>

Defendants assert that "From 2013 through May 2017, gross sales of Pringles Salt & Vinegar Potato Crisps to retailers totaled $108,400,000." Ntc. of Removal, ¶ 14. However, Plaintiffs' complaint does not allege a nationwide class and Plaintiffs instead seek to represent "All consumers who purchased the Product from a retailer within the state of California for personal, family, or household purposes, and not for resale, at any time during the period six (6) years prior to the filing of this Complaint." Compl., ¶ 80. Defendants admit that they "are not able to track sales by state because, among other things, they sell to distributors and retailers, who may sell the product in various states." Ntc. of Removal, ¶ 15. Defendants then resort to speculation by ***estimating*** that sales within the state of California total $13,170,600 based off "population data from July 2016 population estimates from the U.S. Census Bureau." Ntc. of Removal, ¶ 15. However, "Defendant *may not* rely on

-4-

statistical assumptions to prove the amount-in-controversy requirement." *See Armstrong v. Ruan Transp. Corp.,* No. EDCV161143VAPSPX, 2016 WL 6267931, at *2 (C.D. Cal. Oct. 25, 2016) (emphasis added). Instead, a removing defendant must present factual justification supporting its damages calculations and assumptions, rather than "mere estimations." *Id*. at *2-4; *accord Singer*, 116 F.3d at 377. Accordingly, the *Armstrong* court held that the defendants there "failed to sustain its evidentiary burden for the purposes of removal" and remanded the action back to state court. *Id*. at *7.

Indeed, the Ninth Circuit requires that any calculation of the amount in controversy for jurisdictional purposes must meet a plausibility standard; failing that, Defendants cannot carry their burden of establishing jurisdiction. *See, e.g., Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (A defendant may not support removal jurisdiction under CAFA relying on "speculative and self-serving assumptions about key unknown variables"); *see also Tehrani v. Macys W. Stores, Inc.,* No. LACV1507286JAKEX, 2016 WL 1559085, at *8 (C.D. Cal. Apr. 18, 2016) ("Defendant may not assume a 100% rate without supporting such an assumption"). A defendant seeking removal therefore cannot simply assume that allegations in the complaint would support a restitution award of 100% of all possible damages. *Tehrani*, 2016 WL 1559085, at *8 (granting remand under CAFA where defendants speculated that maximum damages that could be awarded based on allegations in the complaint would exceed $5 million). In *Tehrani*, the court noted that the "Defendant responds that Plaintiff pleads such damages." *Id*. at *9. The *Tehrani* court, however, found that this simplistic allegation was not sufficient to carry the defendants' burden of plausibly alleging the amount in controversy. *Id.* Defendants must calculate a plausible amount of damages and show mathematically that this amount exceeds the $5 million threshold under CAFA. *Id.* This Court should similarly not accept Defendants' estimations and speculation and remand this action back to state court. *Id.*

### 2. Defendants Apply an Incorrect Damages Calculation Based on the Full Refund Model Rather than the Price Premium Model

Defendants incorrectly assume that Plaintiffs and the class members will seek a full refund for each retail unit of Pringles Salt & Vinegar Potato Crisps purchased in California during the class period. *See generally* Ntc. of Removal. However, Plaintiffs do not intend to seek a full refund for each Pringles product purchased. *See* Declaration of Ronald A. Marron in Support of Plaintiffs' Motion for Remand ("Marron Decl."), ¶ 4. Indeed, the full refund model is routinely rejected in analogous federal court cases in the 9th Circuit. *See, e.g., Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) ("The district court correctly limited damages to the difference between the prices customers paid and the value of the fruit they bought—in other words, the 'price premium' attributable to Dole's 'All Natural Fruit' labels."); *In re POM Wonderful LLC*, No. ML 10-02199 DDP RZX, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014) ("Because the Full Refund model makes no attempt to account for benefits conferred upon Plaintiffs, it cannot accurately measure classwide damages."); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724-LHK, 2014 WL 2191901, at *22 (N.D. Cal. May 23, 2014) ("[F]ull refund model is deficient because it is based on the assumption that consumers receive no benefit whatsoever from purchasing the accused products."); *Lanovaz v. Twinings N. Am., Inc.*, No. 12-cv-02646-RMW, 2014 WL 1652338, at *6 (N.D. Cal. Apr. 24, 2014) (rejecting the "full refund" model as an appropriate measure of restitution); *Greco v. Selection Mgmt. Sys.*, No. 14cv1174 JM(NLS), 2014 U.S. Dist. LEXIS 87977, at *7 (S.D. Cal. June 26, 2014) (removing defendant wrongly assumed that all its customers would be entitled to full restitution).

Here, Defendants' full refund model is inappropriate because it fails to account for the value actually received from Defendants' Pringles Salt & Vinegar Potato Crisps Product. Instead, the correct measure of damages would be a price premium damages model that examines the premium Defendants are able to command in the marketplace as a result of their failure to disclose that the Product

-6-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

contains artificial flavoring ingredients. *Brazil*, 660 F. App'x at 534. Defendants proffer no evidence whatsoever regarding a price premium and have therefore failed to meet their burden of proving that the amount in controversy actually exceeds the sum or value of $5,000,000 exclusive of costs.

In fact, California federal courts hold that even a plaintiff's explicit damages estimate in a complaint will not establish the amount in controversy, if it appears to be only a "bold optimistic prediction." *Molina v. Lexmark Intern., Inc.*, No. CV 08-04796 MMM (FMx), 2008 WL 4447678, *4 (C.D. Cal. Sept. 30, 2008)  (quoting *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)). If the Plaintiffs here had assumed a 100% refund model for 100% of all California purchases to meet the minimum amount-in-controversy for federal court jurisdiction, this Court would almost certainly join its sister courts in finding this a "bold optimistic prediction" unjustified under applicable law and the facts of this case. *Id.* The Court would therefore be required to find, as it should here, that the amount in controversy requirement has not been met and that the Court therefore lacks subject matter jurisdiction.

          3.    <u>Defendants Have Not Provided a "Summary-Judgment-Quality" Price Premium Damages Calculation</u>

Summary-judgment-type evidence and reasoning is required to meet the burden of proof in establishing the amount in controversy. *Singer*, 116 F.3d at 377; *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995) (removal "require[s] parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal")). "[T]he party with the burden of proof cannot rely on conclusory allegations in an affidavit." *Keller v. Gaspari Nutrition Inc.,* No. CV 10-09927 GAF (SHx), 2011 U.S. Dist. LEXIS 29355, at *4-6 (C.D. Cal. Mar. 2, 2011) (citing *Fair v. Swanson*, 753 F.Supp. 875, 877 (D. Colo. 1991)).

The Court in *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.* specifically held that, under a preponderance of the evidence standard, a

-7-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND

conclusory affidavit was insufficient to satisfy a defendant's burden of proving the amount in controversy needed to establish diversity jurisdiction. 198 F.Supp.2d 1280, 1282-84 (D. Kan. 2002). It is well established under this Circuit's law as well that jurisdictional amounts in controversy cannot be based on "Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. In proving the amount in controversy, defendants "may rely on <u>calculations</u> to satisfy their burden so long as their calculations are good faith, reliable estimates based on the pleadings and other evidence in the record." *Ellis v. Pacific Bell Tel. Co.*, 2011 WL 499390, at *2 (C.D. Cal. Feb. 10, 2011) (emphasis added) (citing *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009)); *see also Fletcher v. Toro Co.,* 2009 U.S. Dist. LEXIS 126693, at *23 (S.D. Cal. Feb. 3, 2009).

The holding in *Alpert v. Time Warner Cable, Inc.* is illustrative. No. 08-CV-0582 W (WMC), 2008 U.S. Dist. LEXIS 51623, at *14 (S.D. Cal. June 30, 2008). The *Alpert* court found that "Time Warner's mathematical arguments are not evidence; they are speculation. . . . The reality is that Time Warner provides no evidence suggesting that [defendant's] UCL class claim puts in controversy [the maximum damages for all class members.] Time Warner . . . does not provide evidence of the extent to which other class members may have been injured, and uses its one-size-fits-all calculation to fill in the blanks." *Id*; *see also Aparicio v. Abercrombie & Fitch Stores Inc.*, No. CV 13-09209 MMM (Ex), 2014 U.S. Dist. LEXIS 17337, at *17-23 n.21 (C.D. Cal. Feb. 10, 2014) (defendant's damages model does not provide a "reasonable estimate").

Plaintiffs are not required affirmatively to disprove speculative calculations of the amount in controversy to avoid removal. *See Smith v. Brinker Int'l, Inc.*, No. C 10-0213 VRW, 2010 WL 1838726, *4 (N.D. Cal. May 5, 2010); *Carranza v. Nordstrom, Inc.,* No. EDCV 14-01699 MMM (DTBx), 2014 U.S. Dist. LEXIS 172307 (C.D. Cal. Dec. 12, 2014). "It is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction. . . ." *Carranza*, 2014 U.S. Dist. LEXIS 172307, at *28-29 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d

-8-

446, 447-48 (7th Cir. 2005)). Defendants' evidence and calculations of the amount in controversy must be of "summary judgment"-level quality to secure removal. Instead, Defendants here provide the Court only with a single, conclusory declaration regarding total California sales for the Product. ECF No. 1-4. This is inadequate for the Court to determine if the amount in controversy requirement is met; this case should therefore be remanded for lack of subject matter jurisdiction.

### B. Defendants Removed this Action in Bad Faith and in a Wrongful Attempt to Thwart Plaintiffs' "Primary" Remedy for Public Injunctive Relief

When Defendants removed this case to federal court, they attested that this Court does have subject matter jurisdiction to hear this action. *See* ECF No. 1-4. Then, just days later, Defendants reversed their position and filed a Motion to Dismiss the Complaint arguing that Plaintiffs lack Article III standing to pursue public injunctive relief. *See* ECF No. 7-1 at 17. If this Court were to accept Defendants' argument as true, then this case should be remanded for lack of subject matter jurisdiction because it is well established that "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir.2004)).[1]

The California Supreme Court has recently re-affirmed that public injunctive relief is the "primary" remedy available to consumers for violations of California's consumer protection laws. *See McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 951 (2017);

---

[1] As set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 10), Plaintiffs urge this Court to adopt the reasoning set forth in *Henderson v. Gruma Corp.*, 2011 WL 1362188 (CD. Cal. 2011) where the Court found that plaintiffs in false advertising cases do have Article III standing to pursue public injunctive relief even after they become aware of the alleged deception. *See also Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) ("[W]ere the Court to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result.").

*In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009) ("the primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction, along with ancillary relief in the form of such restitution..."). If Article III standing serves as barrier to Plaintiffs ability to pursue their "primary" remedy, then this Court is without subject matter jurisdiction over this action and the case should be remanded back to state court. As one Court has explained:

> Injunctive relief is an important remedy under California's consumer protection laws. Allowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity.
>
> This case was originally filed in a California state court by a California plaintiff on behalf of a putative class of California residents under California's state laws. A California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims. Respect for comity and federalism compel that conclusion, and just tossing aside the state's injunction remedy because of this Court's limited jurisdiction is an unwarranted federal intrusion into California's interests and laws.

*Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015); *see also Deitz v. Comcast Corp.,* No. C 06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) ("This raises the interesting prospect that plaintiff may still be permitted to assert a claim for injunctive relief in state court against defendants, notwithstanding that this case may go to judgment. This may be one of the downsides of defendants' removal to this court, *i.e.*, allowing plaintiff to split his claim."). Therefore, if this court finds that Plaintiffs lack Article III standing to pursue injunctive relief, then this Court should remand this case back to state court to avoid an "unwarranted federal intrusion into California's interests and laws." *Machlan*, 77 F. Supp. 3d at 961.

### V. <u>CONCLUSION</u>

Defendants have failed to prove, by a preponderance of the evidence, that the amount in controversy exceeds the sum or value of $5 million so as to invoke this

-10-

1  Court's jurisdiction under the Class Action Fairness Act. Where defendants fail to
2  establish that it is more likely than not that subject matter jurisdiction lies in federal
3  court, remand is appropriate. *See Harris v. Bankers Life & Casualty Co.,* 425 F.3d
4  689, 698 (9th Cir. 2005) (respect for the jurisdiction of state courts requires Federal
5  courts to ensure that jurisdictional facts support removal).
6      For the reasons set forth herein, Plaintiffs therefore respectfully request the
7  Court remand this action to the California Superior Court from which it was
8  removed.

Dated: August 4, 2017

Respectfully submitted,

/s/ *Ronald A. Marron*
 Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron, Esq.
ron@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Fax: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
**DAVID ELLIOT**
davidelliot@elliotlawfirm.com
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
***Counsel for Plaintiffs and the Proposed Class***

-11-
*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLF.S' MOTION FOR REMAND