**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
DAVID ELLIOT (SBN 270381)
*davidelliot@elliotlawfirm.com*
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ALLRED and MANDY C. ALLRED, on behalf of themselves, all others similarly situated, and the general public,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>KELLOGG COMPANY, a Delaware Corporation; KELLOGG SALES COMPANY, a Delaware corporation; and PRINGLES, LLC, a Delaware limited liability company,<br><br>                    Defendants. | Case No. 3:17-cv-01354-AJB-BLM<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REMAND**<br><br>Date:      October 12, 2017<br>Time:     2:00 PM<br>Ctrm:    4A<br>Judge:   Hon. Anthony J. Battaglia |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................... 1

II.   THERE IS A LEGAL CERTAINTY THAT THE "FULL
      RESTITUTION" MODEL IS NOT THE APPROPRIATE
      MEASURE OF DAMAGES ........................................................ 1

III.  DEFENDANTS HAVE NOT SHOWN BY A PREPONDERANCE
      OF THE EVIDENCE THAT THE AMOUNT IN CONTROVERSY
      EXCEEDS $5 MILLION ................................................................ 4

      A.   *Defendants Cannot Rely on the Allegations in the Complaint
           and Must Independently Show, by a Preponderance of the
           Evidence, that the Amount in Controversy Exceeds $5 Million
           Under CAFA* .................................................................... 4

      B.   *Defendants Can Only Speculate that Punitive Damages and
           Attorneys' Fees May be Available Without Any Factual Support* ........ 5

IV.   IF THIS COURT FINDS THAT PLAINTIFFS LACK ARTICLE III
      STANDING TO SEEK INJUNCTIVE RELIEF, THEN THIS CASE
      SHOULD BE REMANDED FOR LACK OF SUBJECT MATTER
      JURISDICTION ............................................................................ 7

V.    CONCLUSION ............................................................................. 9

-i-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REMAND

## I.  <u>INTRODUCTION</u>

Defendants admit, in a buried footnote, that the "full restitution" measure of damages would not be proper in this case because "Defendants' position is that Plaintiffs are not entitled to 'full' restitution or damages under California law because they derived some value from the Pringles they ate." *See* Def.s' Opp. at 5 n. 4. Indeed, counsel for the Plaintiffs have submitted a sworn declaration attesting that "Plaintiffs are not seeking a full refund of all purchase prices paid for all retail units of the Pringles Salt & Vinegar Potato Crisp Product, but rather will base damages on a reasonable restitution model such as the 'price premium' model." *See* Declaration of Ronald A. Marron in Support of Plaintiffs' Motion for Remand ("Marron Decl."), Dkt. No. 11-2 at ¶ 4. Defendants attempt to conflate the allegations in the complaint and ignore the fact that "The removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)).  Defendants have made no showing of what the total amount of damages would be under the "price premium" damages model – or any reasonable alternative damages model – and therefore have not established that the amount in controversy meets or exceeds this Court's jurisdictional threshold. The Court is therefore required to remand for lack of subject matter jurisdiction.

## II.  <u>THERE IS A LEGAL CERTAINTY THAT THE "FULL RESTITUTION" MODEL IS NOT THE APPROPRIATE MEASURE OF DAMAGES</u>

Defendants quote heavily from Plaintiffs' complaint and argue that "Plaintiffs in their Complaint made clear that they are seeking full restitution or disgorgement of the purchase price of the Pringles products that the putative class bought." Def.s'

Opp. at 5:2-3. However, the complaint is ambiguous as to what measure of damages should be applied. *See, e.g.*, Compl., ¶ 10 ("Defendants' packaging, labeling, and advertising scheme is intended to, and does, give reasonable consumers the impression they are buying a premium 'all natural' product with natural flavoring ingredients, instead of an artificially flavored product.").

More importantly, "when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino*, 506 F.3d at 699. Here, there is a "legal certainty" that Plaintiffs will not be able to recover "full restitution" for all purchases of the Pringles Salt & Vinegar Potato Crisps product. Def.s' Opp. at 5 n. 4; *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) ("The district court correctly limited damages to the difference between the prices customers paid and the value of the fruit they bought—in other words, the 'price premium' attributable to Dole's 'All Natural Fruit' labels."); *In re POM Wonderful LLC*, No. ML 10-02199 DDP RZX, 2014 WL 1225184, at *3 (C.D. Cal. Mar. 25, 2014) ("Because the Full Refund model makes no attempt to account for benefits conferred upon Plaintiffs, it cannot accurately measure classwide damages."); *Werdebaugh v. Blue Diamond Growers*, No. 12-cv-2724-LHK, 2014 WL 2191901, at *22 (N.D. Cal. May 23, 2014) ("[F]ull refund model is deficient because it is based on the assumption that consumers receive no benefit whatsoever from purchasing the accused products."); *Lanovaz v. Twinings N. Am., Inc.*, No. 12-cv-02646-RMW, 2014 WL 1652338, at *6 (N.D. Cal. Apr. 24, 2014) (rejecting the "full refund" model as an appropriate measure of restitution); *Greco v. Selection Mgmt. Sys.*, No. 14cv1174 JM(NLS), 2014 U.S. Dist. LEXIS 87977, at *7 (S.D. Cal. June 26, 2014) (the removing defendant wrongly assumed that all its customers would be entitled to full restitution).  Because it appears to a legal certainty that a "price premium" measure of damages will apply, and an equivalent legal certainty

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REMAND

that under no circumstances will a court in this Circuit apply a "full restitution" damages model to this action, this case should be remanded back to state court. Defendants have made no attempt to calculate any realistic actual amount in controversy for the false advertising of their Pringles Salt & Vinegar Potato Crisps product and have therefore failed to demonstrate the amount in controversy.

Defendants argue that "Federal courts in the Ninth Circuit have routinely included the full restitution amount in determining the amount in controversy." Def.s' Opp. at 5:9-10. In support of this contention, Defendants cite to the single case of *Waller v. Hewlett-Packard Co.*, No. 11-454, 2011 WL 8601207, at *2 n.3 (S.D. Cal. May 10, 2011). However, the *Waller* case is distinguishable on facts and law. The *Waller* court stated that "[i]n determining the amount in controversy, the Court considers the relief a plaintiff seeks, not what the plaintiff may reasonably or ultimately obtain." *Id.* Here, Plaintiffs have presented evidence in the form of a declaration stating that they will not be seeking a full refund for each purchase of the Pringles Salt & Vinegar Potato Crisps product. *See* Marron Decl., ¶ 4. This fact also distinguishes *LaCross v. Knight Transp. Inc.* in which the Ninth Circuit noted that "At oral argument, plaintiffs contended that the class may not be able to prove all the elements for reimbursement under California Labor Code § 2802, so the amount in controversy likely will not exceed $5 million." 775 F.3d 1200, 1203 (9th Cir. 2015). First, averments at oral argument do not rise to level of summary judgment type evidence, whereas a sworn declaration, as Plaintiffs provided here, does. *See, e.g, Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1124 (C.D. Cal. 2010) (requiring "summary judgment type" evidence in support of removal). And second, the plaintiffs in *LaCross* only argued that they "may not be able to prove" elements of their cause of action that would justify full reimbursement under the Labor Code. 775 F.3rd at 1203. Here, because Plaintiffs have presented reliable summary-judgment-type evidence that they will not be seeking a full refund for each class members' snack product purchase, defendants bear the burden of proving that the

amount in controversy exceeds $5 Million, under the price-premium or any legally-tenable damages model. Introducing only evidence of total product sales – and no measure of damages whatsoever – Defendants have failed to carry their burden of proof.

### III. DEFENDANTS HAVE NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

#### A. *Defendants Cannot Rely Solely on the Allegations in the Complaint and Must Independently Show, by a Preponderance of the Evidence, that the Amount in Controversy Exceeds $5 Million For CAFA Jurisdiction*

Defendants' damages calculation relies solely on the inapplicable "full restitution" model. Interestingly, Defendants argue that "Plaintiffs' description of the legal standard for removal relies heavily on pre-CAFA case law and *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007)" and that "*Lowdermilk* is, in many respects, no longer good law." Def.s' Opp. at 3 n. 3.  But even if, arguendo, *Lowdermilk* is "no longer good law," this still does nothing to support Defendants' position. Defendants cite to *Rodriguez v. AT & T Mobility Servs. LLC* where the Ninth Circuit explained that "*Standard Fire* instructed district courts to look to the potential claims of the absent class members, **rather than plaintiff's complaint**, holding that section 1332(d) so requires: '[t]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class.'" 728 F.3d 975, 981 (9th Cir. 2013) (emphasis added) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013)). "Put another way, *Lowdermilk* reasoned that the initial jurisdictional determination derives from the complaint, while *Standard Fire* mandates that courts determine their jurisdiction by aggregating all potential class members' individual claims" and "[t]o do so, district courts must necessarily 'look beyond the four corners of the complaint' when the complaint alleges damages below the jurisdictional minimum, contrary to

-4-

*Lowdermilk's* instruction." *Rodriguez*, 728 F.3d at 981.  Thus, Defendants cannot simply rely on the allegations in Plaintiffs' complaint and must prove "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Id.* at 981. Defendants have failed to meet their burden of proof here because they have made no attempt to calculate damages using any applicable "price premium" damages model. *See, e.g, Jarvis v. Aramark Servs., Inc.*, No. CV 15-8039 FMO (EX), 2015 WL 6456530, at *2 (C.D. Cal. Oct. 26, 2015) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.") (quoting *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)). Because serious doubt exists that the amount in controversy could exceed $5 Million under any applicable "price premium" model, this case should be remanded to state court.

**B.** ***Defendants Can Only Speculate that Punitive Damages and Attorneys' Fees May be Available Without Any Factual Support***

Defendants argue that "Plaintiffs also seek punitive damages and attorneys' fees, items that were highlighted in Defendants' Notice of Removal but ignored by Plaintiffs' Motion for Remand." Def.s' Opp. at 10:3-4. However, the declaration submitted in support of Defendants' Notice of Removal does not even mention punitive damages nor does it mention attorneys' fees. *See* Dkt. No. 1-4. "'However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met.'" *Bell-Sparrow v. Wiltz*, No. C 12-02782 SI, 2014 WL 2927354, at *4 (N.D. Cal. June 27, 2014).  Here, Defendants merely assert that a punitive damages award is a mere possibility and make no attempt to actually calculate a potential punitive damages award. "Three factors guide determination of punitive damages under California law: (1) the nature of the defendants' acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant." *Nat'l Integrated Techs., Inc. v. Gustavson*, 76 F. App'x 774, 778 (9th Cir. 2003) (citing *Neal v. Farmers Ins. Exchange*, 21 Cal.3d 910, 928

-5-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REMAND

n. 13, 148 Cal.Rptr. 389, 582 P.2d 980 (Cal. 1978)).   Defendants submit no competent evidence regarding any of these factors. Defendants failure to calculate the amount of compensatory damages that may be awarded under the price premium model is a fatal flaw in the overall damages calculation that precludes the court from then considering a potential punitive damages award. Moreover, Defendants have not provided any evidence of their relative "wealth" or even discussed the "nature of the defendants' acts", the other factors the Court must consider in weighing the possibility of punitive damages in calculating the amount in controversy. Defendants have failed to meet their burden for calculating punitive damages.

Defendants failure to calculate damages based on a price premium model also precludes the court from considering attorneys' fees under the "percentage-of-the-fund" approach. For example, in *Rodriguez v. Cleansource, Inc.* the Court applied the percentage of the fund approach for purposes of removal only when the Defendants were clearly able to calculate that the total damages available were $4,274,189.42. No. 14-CV-0789-L DHB, 2014 WL 3818304, at *1 (S.D. Cal. Aug. 4, 2014).  In contrast, the Defendants here have failed to calculate the amount of total damages using the applicable "price premium" model, and the amount of available attorneys' fees are purely speculative at this point.  *See, e.g., Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (A defendant may not support removal jurisdiction under CAFA relying on "speculative and self-serving assumptions about key unknown variables"); *see also Tehrani v. Macys W. Stores, Inc.,* No. LACV1507286JAKEX, 2016 WL 1559085, at *8 (C.D. Cal. Apr. 18, 2016) ("Defendant may not assume a 100% rate without supporting such an assumption"). For these reasons, Defendants cannot rely on the possibility of punitive damages and attorneys' fees in support of their Notice of Removal and this case should be remanded to state court.

-6-

*Allred v. Kellogg Company, et al.*, Case No. 3:17-cv-01354-AJB-BLM
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR REMAND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   IF THIS COURT FINDS THAT PLAINTIFFS LACK ARTICLE III STANDING TO SEEK INJUNCTIVE RELIEF, THEN THIS CASE SHOULD BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

As set forth in Plaintiffs' Opposition to Defendants' Motion to Dismiss (Dkt. No. 10), Plaintiffs urge this Court to adopt the reasoning set forth in *Henderson v. Gruma Corp.*, 2011 WL 1362188 (CD. Cal. 2011) where the court found that plaintiffs in false advertising cases do have Article III standing to pursue public injunctive relief even after they become aware of the alleged deception.[1] If this court instead finds that Plaintiffs lack standing to pursue public injunctive relief, then this case should be remanded to state court for lack of subject matter jurisdiction. *See*

---

[1] *See also Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) ("[W]ere the Court to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result.").*Larsen v. Trader Joe's Co.*, No. C 11-05188, 2012 WL 5458396, at *3-*4 (N.D. Cal. June 14, 2012); *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2015) (holding that the plaintiff in consumer protection case had standing to seek injunctive relief even though he alleged he would not purchase the deceptive product again); *Kumar v. Salov N. Am. Corp.*, No. 14-CV- 2411, 2015 WL 457692, at *3 (N.D. Cal. Feb. 3, 2015) (rejecting lack of standing argument because "it would lead to the result that a class action plaintiff alleging mislabeling or false advertising could never seek injunctive relief on behalf of the class"); *Pratt v. Whole Foods Mkt. California, Inc.*, No. 5:12-CV-05652, 2014 WL 1324288, at *9 (N.D. Cal. Mar. 31, 2014) (allowing claim for injunctive relief where defendants had not demonstrated the products at issue were discontinued); *Koehler v. Litehouse. Inc.*, No. 12-cv-04055-SI, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) ("The Court agrees with Henderson. To do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief."); *Cabral v. Supple. LLC*, No. 12- cv-85- MWF, 2012 WL 4343867, at *2 (CD. Cal. Sept. 19, 2012) (finding *Henderson* persuasive and finding the defendant's argument "premature at this stage of the litigation"); *Chester v. TJX Cos.*, No. 5:15-cv-01437-ODW (DTB), 2016 U.S. Dist. LEXIS 110342, at *24-25 (C.D. Cal. Aug. 18, 2016) (same).

*City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants denounce the Northern District of California's grant of a partial remand in *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d6 954, 961 (N.D. Cal. 2015) as an "outlier" holding.  In response, Defendants cite to *Mezzadri v. Med. Depot, Inc.* where this Court previously held that "The logistics of splitting a remedy from the cause of action—and having solely a remedy stayed in state court pending the outcome of a federal action—is beyond the scope of this Court." 113 F. Supp. 3d 1061, 1065-66 (S.D. Cal. 2015).  But the United States Supreme Court has encouraged district courts to remand rather than dismiss a claim only to have it be re-filed in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S. Ct. 614, 620, 98 L. Ed. 2d 720 (1988) ("Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court.").

That is exactly the scenario that is present here.  If this court were to dismiss Plaintiffs' claims for injunctive relief, then Plaintiffs would be left with no choice but to re-file their claims for injunctive relief with the California Superior Court. *See Deitz v. Comcast Corp.*, No. C 06-06352 WHA, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) ("This raises the interesting prospect that plaintiff may still be permitted to assert a claim for injunctive relief in state court against defendants, notwithstanding that this case may go to judgment. This may be one of the downsides of defendants' removal to this court, *i.e.*, allowing plaintiff to split his claim."). Re-

-8-

filing Plaintiffs' "primary remedy" for public injunctive relief as a separate claim in state court would do nothing to promote economy, convenience, fairness, or comity. Defendants cite to *Lee v. Am. Nat. Ins. Co* for the proposition that "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it." 260 F.3d 997, 1002 (9th Cir. 2001). However, the Ninth Circuit in *Lee* did not decide the issue of whether a partial remand is permissible. *Id.* at 1007 ("[W]e would decline to address the partial remand alternative here because Lee did not 'present a specific, cogent argument for our consideration' on appeal."). This Court should therefore adopt the reasoning set forth in *Machlan* because it would further the policy goals identified by the Supreme Court in *Carnegie-Mellon Univ.*, 484 U.S. at 353.

## V.   **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Remand should be granted in its entirety because Defendants have failed to prove by a preponderance of the evidence that the amount in controversy exceeds the $5 Million jurisdictional threshold, so as to invoke the Court's federal subject matter jurisdiction under CAFA. Alternatively, if this Court finds that Plaintiffs lack Article III standing to pursue public injunctive relief, then this Court should adopt the reasoning set forth in *Machlan* and grant a partial remand of Plaintiffs' claims for injunctive relief.

Dated: August 28, 2017

Respectfully submitted,

/s/ *Ronald A. Marron*
 RONALD A. MARRON
**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron, Esq.
ron@consumersadvocates.com
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006

-9-

Fax: (619) 564-6665

**LAW OFFICE OF DAVID ELLIOT**
**DAVID ELLIOT**
davidelliot@elliotlawfirm.com
2028 3rd Avenue
San Diego, CA 92101
Telephone: (858) 228-7997
*Counsel for Plaintiffs and the Proposed Class*

-10-